GREEN, J.
delivered the opinion of the court.
This is an action on the case. The declaration has two counts; the one for a malicious prosecution, and the other for slanderous words.
The bill of exceptions show the following facts: — The plaintiff is the natural son of the defendant, and the defendant has a son named Henry, familiarly called by the witnesses, Hal Hawkins. The defendant owned a roan horse, which his son Hal Hawkins usually rode, and called his own; the neighbors called him Hal’s horse; and the defendant some times called him Hal’s horse, and some times claimed him as his own.
Hal Hawkins, in opposition to his father’s command, took the roan horse from the old man’s house, and loaned him to the plaintiff to ride to Columbia. The plaintiff lived at S. Rainwater’s, where Hal Hawkins kept the roan horse in a pen in the field, with two horses which the plaintiff owned and kept *358 there also. Hal Hawkins said he kept the roan horse thus concealed in the pen, in. the field, to prevent the defendant, his father, from getting him; and Hall the plaintiff said, he kept his horses there to prevent his creditors from levying on them.
While the horses were at Rainwater’s, the defendant went there, and enquired of Rainwater if he knew where the roan horse was. Rainwater told him, that Joseph Hall had borrowed him from Hal Hawkins, and had rode him to Columbia. The defendant then requested him to tell the plaintiff to return the horse to him. The plaintiff did not deliver the horse to the defendant, but returned him to Hal Hawkins, who kept him in the pen several days, and then left in the night with Hall, the plaintiff, for Illinois, where Hal HJawkins left the roan horse. When they came back from Illinois, the defendant took out a warrant against both the plaintiff and his son, Hal Hawkins, on a charge of stealing the roan horse. When they were brought to trial, Hal Hawkins and the defendant compromised, but the plaintiff refused to compromise, and demanded a trial, but the prosecution was dropped.
Before the- warrant was taken out against the plaintiff, the defendant stated the facts to several of his neighbors, and asked their advice; among these persons so consulted, one was a Justice of the Peace, and another had acted in that capacity. He told them that Joe Hall and his son Hal had stolen his roan horse. He said that Hal Hawkins had taken the horse without his consent, and had taken him to Rainwater’s, and that Hall and Hal there kept him concealed for a while in a pen, and af-terwards took him off to Illinois, starting in the night, and came back without him. While making this narrative, he wept, and said he had come to ask advice. He was told it was a case of horse stealing, and he then took out a warrant.
The charge of the court sets forth correctly, the principles of law which should govern the jury, in reference to both counts of the declaration, and we need not recite its terms.
The jury found for the defendant, and the plaintiff appealed to this court. The question now is, whether there is any evidence in this record, upon which the verdict of the jury can rest.
*359 In order to excuse the defendant, it must appear, that he had probable cause for the prosecution of the plaintiff for horse stealing, or, that he acted bona fide without malice. Probable cause is the existence of such facts and circumstances as would excite in a reasonable mind the belief that the person charged was guilty of the crime for which he was prosecuted; that is, acting upon the facts within the knowledge of the prosecutor, if a reasonable man would believe the party guilty of the crime charged, there would exist probable cause for the prosecution. It is not sufficient that the party really believed that a crime had been committed; when in truth,, the facts within his knowledge constituted no crime. Nor will the fact, that he acted upon the opinion of counsel excuse him, if the statement of facts, upon which the opinion was founded was incorrect, orthe opinion itself unwarranted. 2 Starkie, 496. A party may, therefore, act' upon the opinion of counsel, and yet have no probable cause for a prosecution. For to constitute probable cause, the facts which are known, when applied to the law properly understood, must be sufficient to create the belief, in a reasonable mind,'that the party charged, is guilty of the crime. The want of probablé cause, affords a presumption of malice. 2 Starkie, 495. But this presumption, may be rebutted by other-evidence, showing that the party acted bona fide, and in the honest discharge of that which he believed to be -his duty; If he stated the facts fairly to persons he had a right to suppose capable of advising him, and acted upon advice so obtained, exhibiting concern and regret, it may be properly left to the jury, upon all the facts, whether he acted maliciously.
In this case, the jury have found for the defendant; and although we think, there was no probable cause for the prosecution, yet we are not prepared to say that the presumption of malice has not been sufficiently repelled. The defendant seems to have been a very ignorant old man, and having been aggrieved by the misconduct of these young men, he applied for advice to persons he had a. right to suppose were qualified to advise him. He stated the facts fairly, and.shed tears while talking about it. These were facts the jurywere authorized to take into view in determining the question of malice.
*360 As to the count for slander, we think the entire statement of the defendant so explains the sense in which he used the actionable words, as to do away the meaning, which taken alone, they would have had. If a party say another had committed theft, but at the same time, explain the transaction, so as to show that no theft has been committed, no action lies. It was upon this principle that a case at the last term at this place was decided. Faris had said, that the plaintiff had stolen his cotton, but in explaining the manner of the theft, he stated, that the plaintiff, who was entitled to a share of the cotton, had picked out a larger portion than belonged to him, and had kept it for his own use. It was clear, from the entire statement, that the conduct imputed constituted no theft, and therefore no action would lie for speaking the words.
Upon the whole, we think it is not a case in which this court should grant a new trial, for although the evidence may have justified a verdict for the plaintiff, yet it is not such a case, where there is no proof upon which the verdict can rest, or, as this court has sometimes said, where there is a great preponderance of proof against the verdict.
Affirm the judgment.